**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CHRIS M. BOLTE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:06-cv-004-RLY-WGH |
| ) | |
| USW, UNITED STEELWORKERS, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Pending**
**Motions and Directing Further Proceedings**

This action was timely removed from the Dubois Superior Court by the defendant USW, United Steelworkers (hereafter "USW").

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *Matheson v. Progressive Speciality Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003) ("Any civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed"). This action was removable to federal court based on the nature of the plaintiff's claim, which will require interpretation of a collective bargaining agreement and which is therefore pre-empted by Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185.

The effect of the USW's timely removal of the action is that the action should not have proceeded in the Dubois Superior Court. This is a consequence of 28 U.S.C. § 1446(d), which provides that "the State court shall proceed no further unless and until the case is remanded." *See Tarbell v. Jacobs,* 856 F.Supp. 101, 104 (N.D.N.Y. 1994) ("[O]nce the removal procedures are completed by the filing of the Notice of Removal in the state court, 'state jurisdiction ends and any further action in the state court is void.'") (quoting *Barrett v. Southern Ry.,* 68 F.R.D. 413, 419 (D.S.C. 1975)).

On the basis of the foregoing, and in light of the motions which are pending, the following rulings are made:

 1. The USW's motion to vacate default judgment is **granted.** The purported default judgment of the Dubois Superior Court issued on January 31, 2006, is **vacated**.

 2. The plaintiff's motion to dismiss filed on February 1, 2006, is **denied.**

 3. The Dubois Superior Court is enjoined from acting contrary to 28 U.S.C. § 1446(d) as explained above.

 4. The plaintiff's motion to remand the action, filed in the form of his objection to the removal, is **denied.**

 5. The parties shall have **through June 14, 2006,** in which to file any further dispositive motion.

 6. No case management plan need be submitted in this action unless ordered in the future.

 **IT IS SO ORDERED.**

Date: 03/23/2006

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Robert Adam Hicks
MACEY SWANSON & ALLMAN
rhicks@maceylaw.com

Richard J. Swanson
MACEY SWANSON AND ALLMAN
rswanson@maceylaw.com

Chris M. Bolte
P.O. Box 44 325 Maryland St.
Ferdinand, IN 47532-0044